UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                           )
UNITED STATES OF AMERICA  )
                           )
V.                         )          NO. 09-CR-10017-GAO
                           )
TAREK MEHANNA              )
                           )
```

## DEFENDANT MEHANNA'S MOTION TO COMPEL PRODUCTION OF EXCULPATORY EVIDENCE

Defendant Tarek Mehanna files this motion to compel immediate production of all exculpatory evidence. This production includes, but is not limited to, the following types of exculpatory evidence:

1.  Witness interview notes and reports (Form 302's) created by government agents which include but are not limited to inconsistent statements, exculpatory statements, and contradictory statements that undermine any witness' credibility, material to guilt or to punishment or undermines the credibility of government witnesses;

2.  If the government investigation sought to determine if there has been any direct communication between our client and representatives or associates of Al-Qaeda, and there has been a negative result;

1

3. If the government investigation revealed that there were no terrorist training camps in Yemen at the time that Mr. Mehanna visited the country;

4. Any verbal, written, or in person interaction between Mr. Mehanna and confirmed or suspected Al-Qaeda representatives in which they solicit action from him and he refuses or is silent.

5. Any information concerning a person was present in Somalia near Daniel Maldonado when Maldonado called the defendant on or about December 12, 2006, including the person's name, address, whether they are a cooperating witness, confidential informant, or otherwise an agent to the government.

## I.   The government claims it has no exculpatory evidence.

To date, the government has produced no exculpatory evidence to the defense. The defense has asked for this evidence in writing in its October 1, 2010 and March 8, 2011 discovery letters to the AUSA's and in the Motion for Discovery filed December 23, 2010. In addition, the defense orally renewed its request at the February 23, 2011 motions hearing.

The government maintains that it has no exculpatory evidence to produce. Given the massive volume of discovery, their position is implausible.

2

## II.   The government has a constitutional duty to produce Brady evidence now.

The Due Process Clause of the Fifth Amendment requires the prosecution to disclose to the defense, material evidence, including impeachment evidence, that is favorable to the accused. Brady v. Maryland, 373 U.S. 83, 87 (1963); Kyles v. Whitley, 514 U.S. 419, 433 (1995). "Brady is not a discovery rule but a rule of fairness and minimum prosecutorial obligation." Curry v. United States, 658 A.2d 193, 197 (D.C. 1995). The constitutional command of Brady prescribes the prosecutor's priorities: "[T]he prosecutor's obligation [is] to seek justice before victory." Boss v. Pierce, 263 F.3d 734, 742 (7th Cir. 2001).

### A.   What constitutes Brady

Criminal defendants are entitled to all "evidence favorable to the accused... where the evidence is material either to guilt or punishment." Brady, 373 U.S. at 87. That includes evidence that would tend to undermine confidence in a guilty verdict or sentencing judgment, such as evidence negating guilt or undermining credibility of government witnesses. See Giglio v. United States, 405 U.S. 150, 153-54 (1972).

The United States Supreme Court identified three components to a Brady violation: (1) evidence must be favorable to the accused, either because it is exculpatory or impeaching; (2)

3

evidence must have been suppressed by the government, either willfully or inadvertently; and (3) prejudice ensued. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). The Supreme Court recognized in Strickler that there is a duty of disclosure even when the items disclosed subsequently prove not to be material. 527 U.S. at 281.

Evidence is material under Brady and Giglio if there is a reasonable probability that had the evidence been disclosed, the result of the proceeding would be different. See United States v. Bagley, 473 U.S. 667, 682 (1985). The materiality standard does not, however, require a defendant to show that the disclosure of suppressed material leads to an acquittal. See Kyles, 514 U.S. at 434. The government must turn over all evidence that "is obviously of such substantial value to the defendant that elementary fairness requires it to be disclosed even without a specific request." United States v. Agurs, 427 U.S. 97, 110 (1976). In addition, the "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles, 514 U.S. at 437. Finally, the government's attorneys have an ongoing constitutional responsibility to turn over all exculpatory material whenever they find it. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976).

**B.    Timing**

The time for Brady disclosures is now. The Constitution requires that Brady disclosures be made "at such a time as to allow the defense to use the favorable materials effectively in preparation and presentation of its case." Edelen v. United States, 627 A.2d 968, 970 (D.C. 1993); Curry, 658 A.2d at 197. The D.C. Court of Appeals, for example, "has rejected any notion that disclosure [immediately prior to the cross-examination of a prosecution witness] in accordance with the Jencks Act satisfies the prosecutor's duty of seasonable disclosure under Brady." Edelen, 627 A.2d at 970-71, citing James v. United States, 580 A.2d 636, 643-44 (D.C. 1990). Prosecutorial resort to a strategy of "delay and conquer" does not pass constitutional muster.

The American Bar Association's Standards for Criminal Justice, the Prosecution Function, §§ 11-2.1(c) & 11-2.2(a) (2d ed. 1980), (hereinafter "ABA Standards"), specify that disclosure of exculpatory information is to be made "at the earliest opportunity" and "as soon as practicable following the filing of charges." The deferral of disclosure of what might be critically important exculpatory information is incompatible with the Constitution, with case law, and with applicable professional standards.

As it is, the government will put the onus entirely on the defense to adjust its strategy and to refocus and complete its

investigation during a very long, busy, and complex trial. This allocation of responsibility is constitutionally impermissible. The prosecutor is obliged to disclose material exculpatory evidence at the earliest feasible opportunity and as soon as practicable following the filing of charges. We ask this court to recognize that the longer the prosecution withholds information or the closer to trial they make disclosures, the less opportunity there is for use. The defense should not be in investigatory mode once trial starts.

**C.   Statutory and advisory guidance**

Apart from established U.S. Supreme Court and circuit court cases, there is ample statutory and advisory guidance requiring the government to produce Brady now. This vein of authority includes DOJ publications, local rules, federal rules, and the American Bar Association.

First, the United States Attorney's Manual (U.S. Dept of Justice 2010), which contains the most constructive and objective description of a prosecutor's responsibilities pursuant to Brady states:

1.   that prosecutors "generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence";

2.   that Justice Department policy "requires disclosure by prosecutors beyond that which is 'material' to guilt as articulated in Kyles... and Strickler..."

6

3.   that impeachment information "must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime"; and

4.   that in most cases, due process and Justice Department policy require that disclosure of exculpatory and impeachment evidence be made in advance of trial.

Second, the Massachusetts Local Rule 116.2 provides this court with clear guidance as to what the government's discovery obligations are:

(B) **Timing of Disclosure by the Government**. Unless the defendant has filed the Waiver or the government invokes the declination procedure under Rule 116.6, the government must produce to that defendant exculpatory information in accordance with the following schedule:

(1) *Within the time period designated in L.R. 116.1(C)(1):*

(a) Information that would tend directly to negate the defendant's guilt concerning any count in the indictment or information.

(b) Information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, by appealable under 18 U.S.C. § 3731.

(c) A statement whether any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief, identifying by name each such witness and each promise, reward, or inducement, and a copy of any promise, reward, or inducement reduced to writing.

(d) A copy of any criminal record of any witness identified by name whom the

7

government anticipates calling in its case-
in-chief.

(e) A written description of any criminal
cases pending against any witnesses
identified by name whom the government
anticipates calling in its case-in-chief.

(f) A written description of the failure of
any percipient witness identified by name to
make a positive identification of a
defendant, if any identification procedure
has been held with such a witness with
respect to the crime at issue.

Third, Rules 16 and 26.2 of the Federal Rules of Criminal

Procedure address exculpatory evidence and support the defense

position.

Fourth, the ABA Model Rule 3.8(d) also requires prosecutors

to:

make timely disclosures to the defense of all evidence
or information known to the prosecutor that tends to
negate the guilt of the accused or mitigates the
offense, and, in connection with sentencing, disclose
to the defense and to the tribunal all unprivileged
mitigating information known to the prosecutor, except
when the prosecutor is relieved of this responsibility
by a protective order of the tribunal.

Finally, in construing the breadth of the government's

discovery obligations, we ask this court to consider the Deputy

Attorney General Ogden's Jan. 4, 2010 "Memorandum for Department

Prosecutors." This memo states, among other things,

"[p]rosecutors are also encouraged to provide discovery broader

and more comprehensive than the discovery obligations." See DOJ

Memorandum, "Guidance for Prosecutors Regarding Criminal

8

Discovery," Jan. 4, 2010, at 7. Further, exculpatory evidence

"must be disclosed to the defendant reasonably promptly after

discovery." <u>Id.</u> at 8.

### III. Conclusion

WHEREFORE, we ask this court to compel production of all

exculpatory evidence.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Janice Bassil*
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: July 15, 2011

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.