```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
                            )
          v.                )    Criminal No. 09-10017-GAO
                            )
                            )
TAREK MEHANNA               )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION REGARDING ACCESS TO MATERIALS IN EXPERT REPORTS**

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, hereby responds to the Defendant's motion to compel the government to produce each of underlying materials to the citations in the Expert Reports.[1] For the reasons stated herein, the government respectfully requests that the Defendant's Motion be denied.

The defense has requested that the government produce to the defendant each of the documents, transcripts, files and

---

[1] The Defendant entitles his motion a "Motion for *Access* to the Materials Referenced by the Government's Expert Witness in Their Expert Reports." (Emphasis added). In fact however, the Defendant has *access* to *all* the information referenced. As discussed herein, what the Defendant is asking for is not access, but for the government to do research for the Defendant from publicly available sources and organize and present the non-public materials in the manner the Defendant demands.

1

recordings that are referenced in Mr. Kohlmann and Dr. Vidino's reports.  Pursuant to the protective order, the government has provided to the defense all of the non-publicly available information which is cited in these reports, and has previously provided in discovery all of the information cited which is directly associated with the defendant.[2]  In addition, though not specifically requested, the government has provided all of the prior testimony of Mr. Kohlmann[3] which it has in its possession, which can also be used, where appropriate, as an additional voluminous source of impeachment material.

The balance of the information which the defendant requests is publicly available information cited to with particularity in the expert reports, and is equally available to the defense.  The government's experts are being paid for their time.  To spend that time to seek out publicly available information and consolidate it solely for the benefit of the defendant is not a cost the government should bear, nor the best use of these busy private individuals' time.

---

[2]Both of these categories of material are sources which the expert witnesses have an interest in protecting because they risk future access to such materials if it is anticipated that such materials are likely to be disclosed in the course of legal proceedings.  Despite this concern, this non-public information is being produced to the defendant, pursuant to the protective order.

[3]The government does not have any prior testimony of Dr. Vidino.

2

Finally, the defense has asked that the government comb through the expert reports and identify which items they correspond to in the previously provided discovery and to identify them by particular page or Bates number. This request is unreasonable as this is a task they are equipped to do and it is firmly within their purview.

The production of discovery pertaining to Expert witnesses in a criminal case is governed by Fed. R. Crim. P. 16(a)(1)(G), which does not require the production of the underlying materials which form the bases of an expert's opinion. The rule states (in pertinent parts):

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinion, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G)

In this case, the government notified the defense of its intent to call experts months ago, specifically disclosing Mr. Kohlmann, who has been prolific in this area for years. In July, the government further drafted detailed written summaries of both Mr. Kohlmann and Dr. Vidino's anticipated testimony. In August, the government provided their curricula vitae and extensive expert reports of each of the witnesses, which list specific resources that help form the basis of their opinions in the

context of this case. The experts' own expertise may in fact be from other more broad training and experience, but the items cited are specific to the conclusions referenced in the expert report and descriptive enough for the defense to find.

Before drafting these reports, each expert was provided with limited material specific to this case, all of which the defendant has had for years. Mr. Kohlmann was provided a copy of the computer hard drive and digital media obtained during the covert search of the defendant's residence in 2006, as well as a few selected messages from the 2005 version of the Tibyan Publications website, which were obtained pursuant to a criminal search warrant. Mr. Kohlmann also had access to the publicly filed documents in this case, and was provided with the preliminary translations of Arabic language materials from the 2006 search. Dr. Vidino was provided with selected portions of the stored chats which were found on the defendant's 2006 computer hard drive, a copy of *39 Ways to Serve and Participate in Jihad*, and he has also had access to the public documents filed in this case. Neither of the experts has been provided with any investigative materials in this case which were not provided to the defendant.[4] As a practical matter, the experts

---

[4] With reference to the evidence gathered in this case, neither expert was provided with access to any classified information and any information they may have about other investigations is based on their research and experience.

did not rely on the system of labeling which the government has used to re-produce materials to the defense this year for purposes of their review. The experts began their analysis before the most recent Bates numbers were placed on the various items of discovery and before translations were finalized. Consequently, the defense request that the experts identify by Bates number specific materials, such as stored chats which are referenced in their expert report, is unreasonable. Since Mr. Kohlmann extracted the stored chats himself to analyze, and Dr. Vidino was provided with a partial sequence of preliminary chats, matching specific chats with the final Bates-sequence is a process which neither the experts nor the government have done and which the defense can do themselves.[5] The stored chats, which were stored on the Defendant's hard drive in separate files by individual and in chronological order, are searchable by key-words, date, time and any variety of identifiers which will allow the defense to identify the specific Bates-numbered materials to which the government expert refers.[6] No more is required under

---

[5] The government has also provided a copy of the specific stored chats which were provided to Dr. Vidino, which also had preliminary Bates-labels. Even without such labels however, these stored chats are easily searchable by keyword, date, or time. In addition, the government has provided a spreadsheet of the chats with final Bates-sequence so the defense will be able to identify them by date/time or by preliminary or final Bates number.

[6] Kohlmann's report identifies each chat he referenced by file name, path and user name.

5

the rule, and to do the defense's work for them in this regard will be costly and time-consuming.

In those circumstances where the experts obtained the information through special or non-public sources, the government has provided the underlying materials to the defense. This information is sensitive to the experts because it implicates the sources of the information for the experts' future work and also reflective of the expert's deliberative process, and therefore entitled to the modicum of protection under the existing protective order. With respect to publicly available information that was not provided by the government, the expert reports cite to these documents with specificity, equipping competent counsel and defense experts to obtain the materials themselves. The government has not assembled these background files. There is no rule or precedent requiring that the government prepare such a file for the defense, and the time-consuming efforts to do so should not fall on the budget nor the shoulders of the government.[7]

Accordingly, for the reasons stated herein, the defendant's

---

[7] Federal Rule of Evidence 705 states in pertinent part, "The expert may in any event be required to disclose the underlying facts or data on cross-examination". The rules of evidence, like the rules of procedure are silent about compulsion of production of source materials, just that the identification of those materials be made. Despite this, for non-publicly available materials, the government has in fact produced all of the underlying materials, and identified specifically the publicly-available materials for the defense to locate.

motion regarding expert reports should be denied.

```
                              Respectfully submitted,
                              CARMEN M. ORTIZ
                              United States Attorney

                              By: /s/ Aloke Chakravarty
                              Aloke S. Chakravarty
                              Jeffrey Auerhahn
                              Assistant U.S. Attorneys

                              Jeffrey D. Groharing
                              Trial Attorney
                              Counterterrorism Section
                              National Security Division
                              U.S. Department of Justice
```

Date:    September 28, 2011

## CERTIFICATE OF SERVICE

   I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                              /s/ Aloke Chakravarty
                              Aloke Chakravarty
                              Assistant U.S. Attorney
```