UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.  ) | Criminal No. 09-10017-GAO |
| ) | |
| ) | |
| TAREK MEHANNA ) | |

**GOVERNMENT'S MOTION IN LIMINE TO LIMIT DEFENSE COMMENT DURING OPENING STATEMENT REGARING PROPOSED DEFENSE EXPERT'S TESTIMONY**

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, hereby moves *in limine* to limit defense comment during opening statements on any proposed testimony from its experts.

On September 29, 2011, the defense provided the government with its expert disclosures. According to the disclosures, the defense intends to present testimony from seven experts in pretrial motions and in its case in chief. The defense did not provide any expert reports and indicated that the subject matter of the experts' testimony was "evolving." *See* defense disclosure at 1. Furthermore, the government learned today in court that expert reports will not be forthcoming from the defense. To the extent that the defense has provided a summary of the experts' proposed testimony, the government believes that in many, if not most, cases, the testimony proffered would not be admissible, either because the expert cannot withstand scrutiny under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny; because the testimony is simply not relevant under Federal Rule of Evidence 401; or because any relevance of the testimony is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under FRE 403. Furthermore, in some instances the proffered opinions

would violate FRE 704.

The government will prepare motions challenging the experts as appropriate prior to the Court's October 17 deadline. Considering necessary motions in limine are due no later than October 3, out of an abundance of caution the government wanted to make the court aware that we intend to challenge the admissibility of testimony from the defense experts on both *Daubert* and other grounds and following such challenge, seek an order limiting defense comment on any expert testimony consistent with the Judge's ruling after an appropriate hearing. If permitted by the Court, the government will address any *Daubert* or other evidentiary challenge in the same filing due to the common issues presented by analysis of each. The government respectfully requests the Court to advise the government if the Court wishes the government to make its non-*Daubert* evidentiary objections to the defense experts sooner than the October 17 deadline. Given the potential highly prejudicial impact of commenting in opening statement on inadmissible or otherwise inappropriate expert testimony, it is important that the issue as to propriety of certain types of testimony be addressed pre-trial.

## CONCLUSION

Accordingly, for the reasons stated herein, the government respectfully requests that the Court accept this motion in limine and permit the government to supplement this filing no later than October 17th.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

Aloke S. Chakravarty
Jeffrey Auerhahn

Assistant U.S. Attorneys

By:   /s/ Jeffrey D. Groharing

Jeffrey D. Groharing
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

Date:   October 3, 2011

CERTIFICATE OF SERVICE

I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey D. Groharing
Jeffrey D. Groharing
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice