UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
                                  )
          v.                      )       Criminal No. 09-10017-GAO
                                  )
                                  )
TAREK MEHANNA                     )

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE QUESTIONING WHICH ELICITS CLASSIFIED INFORMATION AND RESTRICTS COUNSEL FROM MAKING COMMENTS BEFORE THE JURY SUGGESTING CLASSIFIED INFORMATION IS BEING USED TO PROSECUTE THE DEFENDANT**

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, hereby moves *in limine* to preclude the defendant from eliciting testimony from any witness that would reveal classified information or force a witness to indicate that a response would require them to disclose classified information. Likewise, the government requests the Court to order the defense to refrain from making inappropriate comments to the jury suggesting that classified information (or "secret evidence" or some other analog) is being used to prosecute the defendant.

The government has conducted an exhaustive review of materials in this case and provided discovery to the defense of

1

all materials Constitutionally required.  In some instances classified materials have been declassified and provided to the defense.

Because all necessary national security materials have been declassified and are available to both parties, this is not a case in which the process detailed in the Classified Information Procedures Act (CIPA), 18 U.S.C. App. § 3, is necessary to determine what classified evidence may be elicited at trial. Nevertheless, the Defense is aware that there is classified information that was accumulated related to the foreign intelligence and national security investigations related to this prosecution.  *See* e.g. D113 (Defendant's Motion for Production of All FISA Applications, Orders, and Related Materials, and for Disclosure of All Other Electronic Surveillance of the Defendant).

Because the defendant is aware that government agents may possess classified information, he must provide an appropriate notice if he reasonably expects to cause disclosure of classified information at trial.  Section 5 of 18 U.S.C. App. 3 provides:

> If the defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial preceding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing.  Whenever a defendant learns of additional classified

> information he reasonable expects to disclose at
> any such proceeding, he shall notify the attorney
> for the United States and the court in writing as
> soon as possible thereafter and shall include a
> brief description of the classified information.
> No defendant shall disclose any information known
> or believed to be classified in connection with a
> trial or this subsection and until the United
> States has been afforded a reasonable opportunity
> to seek a determination pursuant to the procedure
> set forth in section 6 of this Act, an until the
> time for the United States to appeal such
> determination under section 7 has expired or any
> appeal under section 7 by the United States is
> decided.

Although the precise information which may be classified may

not be known to the defense, the types of information reasonably

known to implicate classified information include areas such as:

that information presented to and issued from the FISA Court;

those materials which the defendants do not possess which were

derived from FISA-authorized techniques; any information about

the basis of the initiation of the investigation of the

defendants which has not been disclosed to the defense; the

manner in which FISA-authorized surveillance and searches were

conducted; and possible FBI investigations involving other

individuals or entities.

For instance, questions regarding the FISA predication, or

the initiation of the investigation of the defendants and/or

others may elicit sensitive or classified information concerning

potential targets or subjects of intelligence investigations.  An

objection, or a refusal to answer a question, on the grounds that

the answer is classified may lead the jury to speculate about the

3

reasons, other than those described in the indictment and the evidence at trial.  Moreover, any response to such a line of inquiry could also unfairly characterize the defendant to the jury.

To the extent the defense fails to comply with the requirements of 18 U.S.C. App. 3, the court may prohibit examination of any witness with respect to such information.  *See* 18 U.S.C. App. 3 § 5(b).

Likewise, it is inappropriate for the defendant to make comments to the jury suggesting that classified information (or "secret evidence" or some other analog) is being used to prosecute the defendant.  The defendant's attorneys and others releasing information on his behalf have publicly stated that the defendant is being prosecuted with secret information or that the government has improperly withheld classified information from the defense.  Such statements clearly suggest government impropriety and unfairness to the accused.  They are baseless and improper and have no place before the jury.

For the foregoing reasons, the government respectfully requests this Court to restrict the defendant from questioning witnesses in a manner reasonably believed to elicit classified information and to direct counsel to refrain from making any comment to the jury suggesting that classified information (or "secret evidence" or some other analog) is being used to

prosecute the defendant.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By: /s/ Aloke Chakravarty
Aloke S. Chakravarty
Jeffrey Auerhahn
Assistant U.S. Attorneys

Jeffrey D. Groharing
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

Date:    October 3, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Aloke Chakravarty
Aloke Chakravarty
Assistant U.S. Attorney