UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 09-10017-GAO |
| | ) | |
| | ) | |
| TAREK MEHANNA | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO LIMIT DEFENSE COMMENT AND
INQUIRY REGARDING INADMISSIBLE SUBJECT MATTER**

The United States of America, by and through United States Attorney Carmen M. Ortiz,

and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for

the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section,

National Security Division, United States Department of Justice, hereby moves in limine to limit

the defendant from making inappropriate comments to or in front of the jury, and to prohibit

eliciting certain testimony from witnesses as detailed below.

The Government moves to preclude the defendant from making arguments or objections

before the jury, or eliciting testimony, regarding the following:

**A. Government Charging Decisions**

Arguments and comments on the charging decisions of the government are irrelevant to

whether the evidence is sufficient to convict the defendant and could inappropriately distract the

jury from the factual issues that they must decide.  See United States v. Carneglia, 2009 WL

185725, at *1 (E.D.N.Y. Jan. 27, 2009);   United States v. Mosky, 1990 WL 70832, at *1 (N.D. Ill.

May 7, 1990) ("The government seeks to bar only any reference to its decisions regarding who to

indict and for what acts.   The government is correct that those decisions are not relevant to the

charges faced by the defendants."). The decision to prosecute the defendant, including implications about the sequence of timing of those decisions, as well as the government's prosecutorial decisions with regard to the co-defendant or to other individuals, are not appropriate for the defense to comment upon in opening.

Similarly, the defendant should be barred from eliciting testimony from witnesses regarding government prosecutorial decisions. The government accepts that it may be appropriate to elicit testimony from a cooperating witness regarding any benefit that he may have received as a result of his cooperation with the government. In fact, the government has diligently reviewed its files to ensure the defendant has been provided with any such promises, rewards, or inducements. However, it would not be appropriate for the defense to elicit this testimony for any other purpose than impeachment of the witnesses or to suggest that the discretion to prosecute the defendant was improperly exercised vice other individuals. The Jury will be charged with evaluating the evidence presented and determining whether or not the government has met the elements of each offense. It is beyond the mandate of the Jury to decide whether or not another individual should have been charged for his conduct, the timing of such decisions, or whether he was punished severely enough. Admitting such testimony other than in the limited circumstance of proper impeachment of a cooperating witness runs the risk of misleading the jury and should not be permitted.

**B.    Government Investigative Steps or Actions**

A defendant may not put the government on trial by arguing that there was something more the government could have done to investigate the case when, as here, the defendant has not made any showing of a connection between an allegedly shoddy or slanted investigation, and the

2

evidence to be introduced at trial.   United States v. McVeigh, 153 F.3d 1166, 1192 (10th Cir. 1998), cert. denied, 526 U.S. 1007 (1999).   This is especially the case in the current "C.S.I." environment where media and artistic depictions of police procedurals and other intelligence and investigative processes have led to jurors to frequently deceptive expectations about capability of government investigations.   In this case, given that there were classified investigative techniques during the investigation that gave rise to this matter, such an argument could be additionally deceptive, with the government being handcuffed and unable to present an accurate recitation of what investigation did occurr.   Any argument or evidence elicited to support a broad claim that the government's investigation of the case was inadequate, without a requisite connection, is irrelevant and thus inadmissible because the jury will be called upon to determine whether the government's investigation was good or bad and not whether the defendant is guilty or not guilty. United States v. Patrick, 248 F.3d 11, 22 (1st Cir. 2001) ("Merely showing that an investigation is sloppy does not establish relevance. 'Inadequacy of the police investigation' is too broad and says nothing about the relevance of the proffered evidence."); United States v. Veal, 23 F.3d 985, 989 (6th Cir. 1994).   It is well within a district court's discretion to preclude defendant's counsel from questioning witnesses about investigative steps not taken.   United States v. Zaccaria, 240 F.3d 75, 81 (1st Cir. 2001) ("In the absence of a particularized showing that the government was not turning square corners, the district court acted well within its discretion in refusing to let defense counsel embark on a fishing expedition.").[1]   Any attempt by the defendant to shift the spotlight to efforts

---

[1]   In Zaccaria, the First Circuit upheld the district court's refusal to allow the defendant to question a Secret Service agent about the government's non-administration of a polygraph examination. The defendant argued that the proposed interrogation was "designed to show that the government was somehow playing fast and loose...by unfairly protecting its witnesses, currying favor with them, or tolerating their evasiveness." 240 F.3d at 81. The First Circuit, however, found that "that surmise requires much too attenuated a chain of inference. For example, the fact that

3

the government could have taken in the investigation inevitably diverts the jury's attention from the issues of the trial. McVeigh, 153 F.3d at 1192.   Even if evidence of investigative steps not taken has some minimal probative value, however, the evidence should nonetheless be barred under Rule 403 because of the danger of unfair prejudice and jury confusion.   United States v. Patrick, 248 F.3d at 23 ("Such speculative evidence of the inadequacy of the police investigation would have shifted the jury's focus from the accusations against [the defendant] to accusations against the police, thus creating a real danger of unfair prejudice and jury confusion that 'substantially outweighed' the evidence's probative value."), cert. denied, 534 U.S. 1043 (2001) and 535 U.S. 910 (2002).

For example, the defendant has given indications that he may attempt this strategy with regard to several issues such as whether the government conducted research and determined that there were no training camps in Yemen in 2004 when the Defendant traveled there.   The defense may attempt to elicit such irrelevant statements to both impugn the government investigation as well as to confuse the Jury into thinking that the absence of training camps in Yemen has any bearing on whether the defendant believed that such camps existed in Yemen.

Another attempt to impugn the propriety of the government's investigation is likely to be through a defense attempt to suggest that the government made immunity deals with more culpable individuals than the defendant.   While any inducement, reward, or promise provided to a cooperating witnesses (to the extent that they exist) are fair game including the implications that

---

polygraph tests ultimately were not administered could be attributable to any number of reasons (e.g., administrative oversight, lack of time, lack or resources, the personal proclivities of a specific agent, knowledge that the test results would be inadmissible at trial, and so on and so forth). Many (perhaps most) of these possible reasons have no bearing either on the government's bona fides or on the issues in this case." Id.

come therewith, the relative merits of making those deals cannot be the fodder for explicitly inviting jury speculation.

### C.      The Government's Motivation for Investigating or Prosecuting the Case

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial.   See United States v. Kantengwa, 2010 WL 3023871, at *4 (D. Mass. 2010)(Stearns, D.J.) citing Whren v. United States, 517 U.S. 806, 813 (1996) ("The government's motivation in bringing the case is irrelevant so long as a legitimate basis for prosecution exists.");   United States v. Johnson, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument").   It is settled law that inquiries regarding the subjective intentions or motivations of government agents are irrelevant to determining the factual guilt or innocence of a defendant.   See United States v. Goulding, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant");   United States v. Trueber, 238 F.3d 79, 92 (1st Cir. 2001) (noting, in reference to a Terry stop, subjective intent of agents is irrelevant).

Several topics have come up in the course of pre-trial litigation and publicly-available materials about the defendant's case which give reason to believe the defense may attempt to open with or elicit testimony related to such supposed governmental motives.

The defendant has maintained, wrongly, that the government chose to prosecute him because he refused to become a cooperating witness for the government.   The defense has also claimed, wrongly, that the government chose to prosecute him because he has expressed beliefs which are contrary to the interests of the government.   Similar implications, that the government

5

has inappropriately pushed the bounds of the material support laws in the defendant's case have also been made.   Consistently the defendant has also maintained that the government has made inflammatory allegations to the press not based in fact.

These types of arguments are proxies for allegations of "outrageous governmental conduct," and selective prosecution, which are questions of law and should be resolved by the court, not the jury.   United States v. Bouchard, 886 F. Supp. 111, 117 (D. Me. 1995) citing United States v. Bradley, 820 F.2d 3, 7 (1st Cir. 1987).   See also, United States v. Nguyen, 250 F.3d 643, 645 -646 (8th Cir. 2001) (citing United States v. Russell, 411 U.S. 423, 431-32 (1973)). Accordingly, the government respectfully requests that the Court preclude any allegations of outrageous government conduct as a trial defense.

D.      **Consequences of Conviction**

This Court should preclude the defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by the defendant if convicted.   "[A]rguing punishment to a jury is taboo."   United States v. Fenner, 600 F.3d 1014, 1023 (8th Cir. 2010) ("We agree with the Government that any reference to sentencing would have been improper."). Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence.   See, e.g., Shannon v. United States, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quoting Rogers v. United States, 422 U.S. 35, 40 (1975)).

E.      **Commentary Regarding Discovery Before the Jury**

The government moves to preclude counsel from referencing the discovery process,

6

requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage.   These requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side.   Accordingly, requests for discovery or comments relating to discovery should be made outside the jury's presence.

> **F.**  **Use of Agent Reports and Summaries of Intercepted Communications During Cross-Examination of a Witness**

The government seeks a preliminary ruling that the interview summaries prepared by the Federal Bureau of Investigation are not statements of the witness under the Jencks Act, and to preclude the defense from introducing the contents of these reports to the jury or otherwise suggesting to the jury that the reports are statements of the witnesses who did not write them or adopt them.

The government has provided to the defense copies of interview reports of the witnesses that it intends to call at trial.   In order to provide for full and fair cross-examination, the Jencks Act requires that after a witness for the United States has testified on direct examination, the government must provide the defense with any statements made by the witness that relate to the subject of his or her testimony. 18 U.S.C. § 3500.   A statement within the meaning of the Jencks Act is defined as "a written statement made by said witness and signed or otherwise adopted or approved by him" or a recording or transcription that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously." 18 U.S.C. § 3500(e).

In <u>Palermo v. United States</u>, 360 U.S. 343 (1959), the Supreme Court stated that because

the Jencks Act is meant to restrict the defendant's use of discoverable statements to impeachment, "only those statements which could properly be called the witness' own words should be made available to the defense." Id. at 352. The Court held that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain an agent's interpretations or impressions" are "not to be produced." Id. at 353-53.

Consistent with Palermo, the Eighth Circuit has held that FBI 302s are not discoverable under the Jencks Act unless they are adopted or otherwise approved by the witness. United States v. Price, 542 F. 3d 617, 621 (8th Cir. 2008) (holding that absent evidence that the witness "approved or adopted" the FBI 302s "these documents are not discoverable under . . . the Jencks Act"); United States v. Williams, 998 F.2d 258, 269 (5th Cir. 1993) ("We hold that the FBI Forms 302 were not discoverable statements under the Jencks Act."); see also United States v. Jordan, 316 F.3d 1215, 1255 (11th Cir. 2003) (holding that FBI 302s "are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness").

Inasmuch as these reports are not statements of the witnesses, but summaries prepared by agents, the defense should be limited in their use of them. In particular, the defense should be precluded from using the contents of an FBI interview report to impeach the witness on the basis that it is a prior inconsistent statement because the report is not the statement of the witness.[2] Moreover, the defense should be precluded from publishing the contents of the reports to the jury or otherwise suggesting to the jury that the report is a statement of the witness. To allow otherwise

---

[2]    Of course, if a witness denies on cross-examination saying something that has been recorded in a report, the defense would be permitted, consistent with the Federal Rules of Evidence, to call the FBI agent who was present for the interview to attempt to impeach the witness with a prior inconsistent statement.

would subvert the meaning of the Jencks Act and the Supreme Court's statement in Palermo that it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations."   360 U.S. at 350.

The defense is free to ask a witness whether he or she made a statement that is reflected in an FBI 302. If the defense is not satisfied with the witness' answer, however, the defense may not publish or introduce the contents of the report as a prior inconsistent statement.   See United States v. Brika, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissable for impeaching witnesses on cross examination").

Therefore, the government requests a ruling from the court precluding the defense from introducing FBI 302s into evidence or otherwise publishing them to the jury, or otherwise suggesting to the jury that they are statements of the witness.

G.  **Statements Made by the Defendant**

The Defendant has been provided a copy of audio recordings, emails, and internet chat sessions, which contain his statements.   The Defendant should be precluded from offering these recordings, or inquiring of any witness what the Defendant may have stated on any occasion.

A defendant cannot elicit his own prior statements.   Fed. R. Evid. 801(d)(2)(A); United States v. Hughes, 535 F.3d 880, 882 (8th Cir. 2008) (self-serving statement of Defendant not admissible as statement against interest or under residual hearsay exception);   United States v. Rios Ruiz, 579 F.2d 670, 676 (1st Cir. 1978) (a statement is not hearsay if it is an admission by party-opponent, where the statement is offered against a party and is his own statement);   United States v. Matlock, 415 U.S. 164, 172 (1974) (a

party's own statements offered against him at trial are admissible).   Additionally, a defendant cannot admit additional out-of-court statements, even when the government admits a portion of a defendant's out-of-court statement, because such statements are hearsay when offered by the defendant.   Fed. R. Evid. 801(d)(2).

H.   **Statements made by Co-Conspirators**

The government intends to offer testimony from several witnesses who will relate statements made by the defendant and his conspirators in furtherance of the conspiracy. While it is permissible for the government to offer these statements as non-hearsay, statements from co-conspirators are considered hearsay, and therefore inadmissible, if offered by a co-conspirator himself.   United States v. Piper, 298 F.3d 47, 52 (1st Cir. 2002) (Out-of-court statements made "by a co-conspirator of a party during the course and in furtherance of the conspiracy' to be offered into evidence *against* that party is an exception to the general rule that hearsay evidence is inadmissible in criminal trials).

Declarations by one co-conspirator during the course of and in furtherance of the conspiracy may be used against another conspirator because such declarations are not hearsay.   Fed. R. Evid. 801(d)(2)(E) (a statement is not hearsay if it is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.");   United States v. Piper, 298 F.3d at 52.   A co-defendant or co-conspirator's statement is not hearsay under rule 801(d)(2)(E) only if offered against the party opponent. Fed. R. Evid. 801(d)(2)(E); United States v. Campa, 679 F.2d 1006, 1011 (1st Cir. 1982) (Statements of one co-defendant are admissible against another, even in the absence of a conspiracy count).

For a statement to be admissible under Rule 801(d)(2)(E), the offering party must

establish that: (a) the statement was in furtherance of the conspiracy; (b) it was made during the life of the conspiracy; and (c) there is, including the co-conspirator's declaration itself, sufficient proof of the existence of the conspiracy and of the defendant's connection to it.   Bourjaily v. United States, 483 U.S. 171, 175 (1986); United States v. Hyles, 521 F.3d 946, 959 (8th Cir. 2008); Mahasin, 362 F.3d at 1084.   Co-conspirator statements are in furtherance of the conspiracy as long as it tends to promote one or more of the objects of the conspiracy. United States v. Flemmi, 402 F.3d 79, 94 (1st Cir. 2005); United States v. Aviles-Colon, 536 F.3d 1, 13 (1st Cir. 2008) ("we need not rely on extrinsic evidence when considering whether the government has met its burden of establishing that a statement was made during and in furtherance of the conspiracy.").   The term "in furtherance of the conspiracy" is meant to be construed broadly.   United States v. Ragland, 555 F.3d 706, 713 (8th Cir. 2009).   A district court need not make an explicit ruling if it substantially complied with these procedures.   United States v. Fuller, 557 F.3d 859, 865 (8th Cir. 2009).   Whether the offering party has met its burden is to be determined by the trial judge, and not the jury.   Id.   The declaration itself, together with independent evidence, may constitute sufficient proof of the existence of the conspiracy and the involvement of the defendant and declarant in it. Bourjaily, 483 U.S. at 181; Ragland, 555 F.3d at 713.

Rule 801(d)(2) only permits a statement under these circumstances to be offered by a party opponent, not a party to the conspiracy.   See United States v. Piper, 298 F.3d 47, 52 (1st Cir. 2002).   Co-conspirator statements are inadmissible if offered by the defendant, unless not offered for the truth of the matter asserted, or falling under a recognized exception to Rule 802.

11

## I. Testimony or Commentary about the Defendant's Lawful Activities or Other improper Character Evidence

The defense has indicated that it may attempt to introduce evidence that the defendant was not the type of person that would hurt anyone, or that his religious views in some instances involved lawful non-violent activities.   Other than testimony from character witnesses fitting within the narrow confines of Federal Rules of Evidences Rule 404(a)(1) and 405(a), evidence offered by the defendant of his lawfulness or good conduct is not admissible.   "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions."   United States v. Scarpa, 897 F.2d 63, 70 (2d Cir. 1990).   Evidence of the defendant's other lawful behavior is irrelevant because lawful acts do not prove an absence of unlawful acts, including those unlawful acts alleged in the indictment.   See Michelson v. United States, 335 U.S. 469, 477 (1948) (the defense is not permitted to ask the (defendant) witness questions about specific instances of good conduct);   United States v. Winograd, 656 F.2d 279, 284 (7th Cir. 1981) ("[T]he district judge correctly refused to admit the evidence on this basis because evidence that [the defendant] engaged in certain legal trades is generally irrelevant to the issue of whether he knew of other illegal trades.") (citing United States v. Dobbs, 506 F.2d 445, 447 (5th Cir. 1975)).   Moreover, such evidence is improper propensity evidence and may be excluded under Rule 404.   United States v. Heidecke, 900 F.2d 1155, 1162 (7th Cir. 1990) ("Proof that a defendant acted lawfully on other occasions is not necessarily proof that he acted lawfully on the occasion alleged in the indictment.") (citing United States v. Burke, 781 F.2d 1234, 1243 (7th Cir. 1985);   Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955));   United States v. Williams, 205 F.3d 23, 34 (2d Cir.

2000) (affirming district court's decision to exclude evidence that the defendant made two innocent trips to Jamaica because such evidence was irrelevant to the question of whether the defendant's trip to Jamaica at issue involved illegal drug activity);   United States v. Santos, 65 F. Supp.2d 802, 845-846 (N.D. Ill. 1999) (excluding evidence of specific acts of lawful conduct and rejecting defendant's argument that such evidence was admissible on the grounds that it generally contradicted the government's theory of what occurred).

Evidence admitted pursuant to Rule 404(a) is limited to only the "pertinent" character traits of the defendant.   United States v. Angelini, 678 F.2d 380, 382 (1st Cir. 1982) (If not pertinent to the crime charged, such evidence is admissible "only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence.")   Absent a direct showing that certain character traits are pertinent to the facts and issues in this case, a defendant must be prohibited from offering any specific character traits in his defense.   See also United States v. Angelini, 678 F.2d at 382 ("The mere fact that an accused takes the stand does not give him the right to present character evidence supporting his veracity.") (citing United States v. Jackson, 588 F.2d 1046, 1055 (5th Cir. 1979), cert. denied, 442 U.S. 941 (1979)).   In addition, evidence admitted pursuant to Rule 405(a) is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct.   See Advisory Committee Notes to Rule 405.   To permit evidence of specific lawful conduct or good acts would be to eviscerate the carefully drafted limitations of Rules 404 and 405.

Therefore, all evidence of the defendant's lawfulness or good conduct, except evidence offered strictly in accord with the limitations of Rules 404(a) and 405(a), should be barred.

## CONCLUSION

Accordingly, for the reasons stated herein, the government respectfully requests the Court to limit the defendant from making inappropriate comments to or in front of the jury, and to prohibit eliciting certain testimony from witnesses as detailed above.

> Respectfully submitted,
> CARMEN M. ORTIZ
> United States Attorney
>
>
> Aloke S. Chakravarty
> Jeffrey Auerhahn
> Assistant U.S. Attorneys
>
> By: /s/ Jeffrey D. Groharing
> Jeffrey D. Groharing
> Trial Attorney
> Counterterrorism Section
> National Security Division
> U.S. Department of Justice

Date:   October 3, 2011


## CERTIFICATE OF SERVICE

I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> /s/ Jeffrey D. Groharing
> Jeffrey D. Groharing
> Trial Attorney
> Counterterrorism Section
> National Security Division
> U.S. Department of Justice