UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
V.                       )          NO. 09-CR-10017-GAO
                         )
TAREK MEHANNA            )
                         )

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE QUESTIONING WHICH ELICITS CLASSIFIED INFORMATION AND RESTRICTS COUNSEL FROM MAKING COMMENTS BEFORE THE JURY SUGGESTING CLASSIFIED INFORMATION IS BEING USED TO PROSECUTE THE DEFENDANT (#278)**

The defendant, Tarek Mehanna, hereby opposes the government's above-stated motion in limine (Docket #278). The government's motion is illogical, and the issue the government raises should be dealt with as trial objections.

The government's motion makes no sense. The defense cannot seek classified information without knowing what the classified information is. Defense counsel has no insight into the universe of information the government possesses and what of that information may or may not be "Top Secret" versus "Secret" verses "Classified." In fact, the government never made good on its offer to allow the defense any security clearance to participate in even knowing what exists. So the defense cannot possibly be precluded from questioning about "secrets" that it does not even know are secrets.

The defense certainly should be able to call this evidence what it is. The "secret" appellation is not a defense invention. The Justice Department and intelligence community chose this nomenclature. If the word "secret" and its like "clearly suggest government impropriety and unfairness to the accused" (Government Motion #278, p. 4), the prosecutors in this case should petition to Main Justice to change the titles to something else. But that does not affect the defense's ability to call that evidence by the government's own titles.

Moreover, these issues are objectionable evidentiary issues for trial that are not appropriate for a motion in limine. If the defense asks an appropriate question of a witness that elicits classified information, the government may object and argue that the answer calls for classified information. If this court agrees with the government, the court can sustain the objection and strike any testimony. This is the correct application of the Federal Rules of Evidence. Unless there is a terrorism exception to the Federal Rules of Evidence, those same rules apply to this trial.

For these reasons, this court should deny the government's motion (#278).

                              TAREK MEHANNA
                              By his attorneys,

                              CARNEY & BASSIL

2

/s/J. W. Carney, Jr.
J. W. Carney, Jr.
B.B.O. # 074760

/s/Janice Bassil
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: October 11, 2011

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/J. W. Carney, Jr.
J. W. Carney, Jr.

3