UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | NO. 09-CR-10017-GAO |
| ) | |
| TAREK MEHANNA ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ARGUMENT AND EVIDENCE RELATED TO THE UNITED STATES GOVERNMENT'S POLITICAL POLICIES AND ACTIVITIES ABROAD AND IN DOMESTIC (CRIMINAL) TERRORISM INVESTIGATIONS AND RELATED MATTERS (#280)**

The defendant, Tarek Mehanna, hereby opposes the government's above-stated motion in limine (Docket #280). The government misunderstands the defense's position – Mr. Mehanna's defense is a First Amendment free speech defense.

The court should deny this motion because the government uses Mr. Mehanna's writings and speech to label him a terrorist, then files a motion in limine excluding the defense of rebutting and providing proper context for those very assertions. The government cites this criticism and political speech throughout the indictment, and the discovery revolves around these views. The government expert reports also purport to "analyze" Mr. Mehanna's views and speech, then offer unfounded conclusions about how this very speech must mean he intended to commit crimes. The government, not the defense, seeks to mislead the

jury by offering its own myopic and flatly wrong interpretations of what Mr. Mehanna said and believed and then filing a motion gagging the defense from responding.

Further, the defense does not argue that the U.S. government's foreign and law enforcement policies are objectively "wrong". His is a First Amendment defense of outright innocence. The First Amendment permits Mr. Mehanna to criticize U.S. policies. His views of these policies bear directly on his intent and state of mind, which the government has argued is the basis of their case. To that end, the defendant seeks neither a necessity defense nor jury nullification. He simply seeks to respond to the government's own theories, evidence, and witnesses.

Finally, it would be an unconstitutional deprivation of the defendant's right to defend himself to prohibit him from discussing his investigation, his prosecution, and his First Amendment-protected activities. Prohibiting the former would foreclose a discussion of whether law enforcement agents acted within the law, and prohibiting the latter would simply prevent the defendant from asserting the First Amendment as a defense. The statute under which he is charged does not envision such an unconstitutional prohibition. See 18 U.S.C. § 2339B(i) ("Nothing in this section shall be construed or applied so as to abridge the exercise of rights guaranteed under the First Amendment to

the Constitution of the United States.").

For these reasons, this court should deny the government's motion (#280).

                                    TAREK MEHANNA
                                    By his attorneys,

                                    CARNEY & BASSIL
                                    First Amendment Section,
                                    U.S. Constitution Division

                                    /s/J. W. Carney, Jr.
                                    J. W. Carney, Jr.
                                    B.B.O. # 074760

                                    /s/Janice Bassil
                                    Janice Bassil
                                    B.B.O. # 033100

                                    Sejal H. Patel
                                    B.B.O. # 662259
                                    Steven R. Morrison
                                    B.B.O. # 669533
                                    John E. Oh
                                    B.B.O. # 675916
                                    Carney & Bassil
                                    20 Park Plaza, Suite 1405
                                    Boston, MA 02116
                                    617-338-5566

Dated: October 11, 2011

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                                    /s/J. W. Carney, Jr.
                                    J. W. Carney, Jr.