UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                   )
UNITED STATES OF AMERICA           )
                                   )
V.                                 )          NO.   09-CR-10017-GAO
                                   )
TAREK MEHANNA                      )
                                   )
```

## DEFENDANT'S MOTION TO EXCLUDE EXHIBITS FROM GOVERNMENT'S OPENING STATEMENT

The defendant, Tarek Mehanna, hereby moves to preclude the government from using certain exhibits in its opening statement.

The defense objects to almost all of the 102 exhibits that the government intends to use in its opening.  The government has no good faith basis that these exhibits would be admissible.  This court will not have heard argument or ruled on those objections as of opening statements.  We therefore ask that the government not be allowed to discuss or show these exhibits prematurely to the jury.  We outline our objections to these exhibits below and also provide this court with the law on evidence during opening statements.

"The proper function of the opening statement of the prosecutor is limited to a discussion of the evidence which he intends to introduce and believes in good faith is

admissible and available." <u>Grimaldi v. United States</u>, 606 F.2d 332 (1st Cir. 1979).  The First Circuit clearly holds that the government's opening statement is not meant to "poison the jury's mind against the defendant." <u>United States v. DeVincent</u>, 632 F.2d 147, 153 (1st Cir. 1980) (<u>quoting</u> <u>Government of Virgin Islands v. Turner</u>, 409 F.2d 102, 103 (3d Cir. 1969)).

**<u>Defense Objections</u>**

Our specific objections and the exhibits those objections apply to are set forth here:

1)  **<u>Irrelevant – Defendant never read, saw, or acted on these exhibits</u>**

The defense objects to the following exhibits as irrelevant under Rule 402 of the Federal Rules of Evidence:

<u>EXHIBITS 72 and 75</u>:  Per our computer forensics expert, these two images come from Mr. Mehanna's unallocated space on the Tariq Dell '06 computer.  That means that there is no useful metadata as to how the images appeared on Mr. Mehanna's computer – that is, who may have downloaded them or whether they were cached pursuant to web browsing without any action by the user.  Without useful metadata like the original filename, we have no context on these as to how they came onto the computer and what interaction, if any, Mr. Mehanna had with them.  We cannot

tell where these exhibits came from, what was done with them, and where they went.

The presence of pieces of an indictment of another person, legally available on the internet is completely irrelevant to the present charges.

EXHIBIT 175:  This photo appears to be a joke because someone used a Microsoft program to paint in a beard on the image.  There is no evidence of Mr. Mehanna's connection to the original or doctored image.  It should be excluded.

EXHIBIT 229:  This photo is irrelevant. There is no indication of where this photo was taken, who is in the picture, and where this photo came from.  The bottom of the photo is also distorted, and we are unable to make out what was depicted there.  The exhibit should be excluded from the opening and from the case-in-chief.

EXHIBITS 372 and 378:  These instant messages between an individual in the United Kingdom and another person are irrelevant in a case against Mr. Mehanna.  There is no evidence that Mr. Mehanna had anything to do with this United Kingdom conspiracy.  This is classic "guilt by association" evidence that is inadmissible.

We also note that the government cannot authenticate Exhibit 378 because there is no date on the message on the face of the document or anywhere in discovery.

3

EXHIBIT 427:  This correspondence is irrelevant because the government can only show that Mr. Mehanna received this email.  Because Mr. Mehanna never responded performed the translation requested in this email, the correspondence is not relevant to the charges.

EXHIBITS 507, 515, 516:  These Instant Messages are irrelevant because Mr. Mehanna did nothing with these other than passively receiving them.  Allowing them in prods the jury to conclude that Mr. Mehanna either intended to act or did act on the emails.

EXHIBIT 782: This document is a translation of the Wa Yakoon video.  However, Mr. Mehanna did not ever edit the Wa Yakoon video and has no association with this translation.  The exhibit is inadmissible.

## 2)  Irrelevant – A Summary, Not A Translation

The defense objects to the following exhibits as improper summaries of Arabic documents (instead of full translations).  The summaries are irrelevant under Rule 402 of the Federal Rules of Evidence:

EXHIBIT 17:  This article is entirely in Arabic.  The government seeks to admit a summary of this translation and not the translation itself.  The defense categorically objects to all such translations as hearsay and an opinion of the translator as to what is significant in the Arabic

document. If the document were given to ten different translators, there would likely be tend different summaries.

**3)    More Prejudicial Than Probative**

The defense objects to the following exhibits as more prejudicial than probative, under Federal Rule of Evidence 403:

EXHIBITS 182-212:  The government seeks to introduce 31 photos of the World Trade Center blowing up.  This evidence is both highly prejudicial and irrelevant. It is prejudicial because Mr. Mehanna had nothing to do with the 9/11 attacks. There is no probative value to these photographs.

EXHIBITS 167, 354AA, 354B, 354C, 354Q – The government seeks to introduce these photos of Mr. Mehanna at the Ground Zero site as well as images of New York City and the WTC site.  These photos are from a trip Mr. Mehanna took to New York City and are no different from trip photos that anyone takes on vacation.  The photos are cumulative, prejudicial, and irrelevant to the issues at hand.  Mr. Mehanna had nothing to do with the 9/11 attacks, and his legal views on 9/11 is protected free speech.  Showing a photo of him there is not suggestive of intent and is highly prejudicial.

5

EXHIBITS 367A-M (13 Photos):  The defense objects to the government using 13 photos that in no way relate to Mr. Mehanna.  These exhibits highly prejudicial and are designed to play to the jury's emotions.

The first four photos (A-D) depict United States soldiers with prisoners, an U.S. Army soldier crying, a military funeral with the American flag draped across coffins, and a room full of coffins with American soldiers paying their respects to the deceased soldiers.  These images are sad and poignant, and they stir strong emotional reactions about casualties in war.  The next nine images (E-M) depict battle scenes and wounded soldiers.  Again, the images have no place in this trial.  They are photojournalism pieces about what happens in war, but they do not tie to Mr. Mehanna's actions or intent.  Allowing these images into evidence would be akin to showing photos of heroine addicts going through withdrawal on the streets in a drug distribution case.  Just as that would never be allowed in a drug trial, these images cannot be admitted here.

We also ask that this court prevent the government from making inappropriate comments to the jury related to the subjects in these images.

EXHIBITS 92, 153, 179:  These three exhibits are

cumulative and more prejudicial than probative.  They all depict the Al-Queda logo. They are irrelevant to the case.

EXHIBITS 24, 99-101, 103-106, 109, 155, 164, 438, 763: The government seeks to use a ten-photo montage of Osama Bin Ladin in its opening.  These photos are irrelevant. There is no evidence in this case that Mr. Mehanna personally knew or corresponded with Osama Bin Ladin. Using ten photos is cumulative and prejudicial.  Every potential juror in American knows who Osama Bin Ladin is and what he looks like.  The images sat with 65 other cached images, including a CNN banner.  It is entirely possible that the images were automatically downloaded without user knowledge from news or media websites.

EXHIBITS 102, 107, 117:  Similarly, the government seeks to use three photos of Zarqawi in its opening.  These photos are also irrelevant.  There is no evidence in this case that Mr. Mehanna personally knew or corresponded with Zarqawi.

EXHIBIT 181: The defense objects to this exhibit as prejudicial for the same reasons stated above.  This photo depicts a protest with protestors holding a sign that says "Down, Down USA."  The government neglected to translate the Arabic in the photo.  Mr. Mehanna is not depicted in this photo and has no association with the event or the

7

image.  This picture, like the many others discussed above, is simply here to inflame the jury.  The protest itself is a perfectly legal social protest against foreign policy. There is nothing unlawful about the acts in the photo, and nor do the acts in the photo suggest any intent to commit a terrorism offense. In fact, the photo depicts a protest by Shiites in New York and the person depicted is Moktada al-Sadr, a Shiite religious leader whom the defendant despised.

EXHIBIT 664:  The content of this Instant Message between Mr. Mehanna and Daniel Spaulding is more prejudicial than probative.  The conversation talks about highly inflammatory topics that do not bear on the charges in this case, including talk about Nazi's, homophobia, and racism.

EXHIBIT 764:  The defense objects to the visual depiction of Mr. Mehanna's online identities.  We would not object to a simple list, but the chart is more prejudicial than probative in the manner in which it is drawn.

EXHIBIT 765:  The defense objects to this summary chart of the total time in on line chat with Mr. Mehanna. The chart is more prejudicial than probative because it is inaccurate.  Mr. Mehanna talked to at least 29 people and not the 18 listed on the chart. Not only is this summary

inaccurate but a summary is not appropriate for an opening statement.

**4)  Hearsay**

The defense objects to the following exhibits as inadmissible hearsay:

EXHIBITS 411, 414, 415, 416:  These exhibits are emails from Tibyan Publications to Mr. Mehanna.  Tibyan Publications is not a charged or unindicted co-conspirator. Emails some administrator wrote from the forum to Tarek are hearsay and do not come into evidence.  The emails are also absolutely for the truth of the matter asserted – the government seeks to show that Mr. Mehanna was, in fact, an administrator for Tibyan and that he did, in fact, disseminate 39 Ways.

Exhibit 414 is a translation of a document with no context. It is not known if this is the total document, if the document was written in contemporary times or centuries ago. There is no context for this document and it is unfair and prejudicial for the government to pull out selected phrases or words.

**5)  Government Fails to Identify What It Is Using**

The defense objects to the following exhibits because the government failed to identify what portion of the exhibits it is using in its opening:

EXHIBITS 26, 449, 450 – The government fails to identify which parts of the "Expedition of Umar Haddid" and "State of the Ummah" videos it will be using.  The videos are each within an hour long.  Cherry-picking portions of these videos without providing proper context can be unfairly misleading to the jury.  The defense has not been given adequate notice, and the video excerpts should not be allowed in the opening statement.

EXHIBITS 455, 459, 461:  The government fails to pinpoint what part of these lengthy phone call transcripts it intends to use in its opening.  Cherry-picking portions of these calls without providing proper context can be unfairly misleading to the jury.  The defense was not given adequate notice of what parts of these calls the government intends to use.  Exhibit 455, 459, and 461 are, respectively, 32, 25, and 23 pages long.

EXHIBITS 623 and 656:  Again, the government fails to identify which portions of these two Instant Message exhanges it intends to reference in its opening statement. To ensure that the government accurately represents the exchange, we require adequate notice of what parts they intend to read.

6)  **Missing Exhibits**

We object to these exhibits in openings because the

government failed to identify them for us.  We were

therefore not given adequate notice:

EXHIBIT 460:  This exhibit does not exist but was

included on the government's list.  If it does exist, we

object to its use as we have not seen it.


**CONCLUSION**

Therefore, this court should preclude the government

from mentioning and displaying exhibits the above-

referenced exhibits from its opening statement.


TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

*/S/ J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*/S/ Janice Bassil*
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566


11

Dated: October 25, 2011

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ J. W. Carney, Jr.
J. W. Carney, Jr.

12