UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
UNITED STATES OF AMERICA      )
                              )
V.                            )        NO. 09-CR-10017-GAO
                              )
TAREK MEHANNA                 )
                              )
```

## AFFIDAVIT OF MARK SPENCER

I, Mark Spencer, hereby depose and say:

1.    I am the President of Arsenal Consulting where I provide computer forensics services to law firms, corporations, and government agencies. I am also an adjunct professor at Bunker Hill Community College in Boston where I teach Advanced Computer Forensics and was a faculty member at the Computer Security Institute until this year where I taught Computer Forensics Kickstart. I have a variety of computer forensics certifications as reflected in my curriculum vitae, which is attached to this affidavit.

2.    I have been involved in criminal cases involving electronic evidence on behalf of the prosecution (while employed by the Suffolk County District Attorney's Office in Boston, MA) as well as the defense. I have also been involved in civil cases both on behalf of plaintiffs and defendants. In addition to producing affidavits and expert reports related to my cases, I

1

have been deposed twice in the last 4 years: on May 2, 2007, in the matter known as *Casual Male Retail Group, Inc., et al., v. Robert H. Yarbrough, et al.*, 05-12049 NMG, United States District Court for the District of Massachusetts and on August 18, 2010 in the matter known as *AmWINS Group, Inc. and AmWINS Brokerage of New York, Inc., d/b/a AmWINS Brokerage of New England v. David B. Austin and R-T Specialty, LLC* , 3:10-cv-00968-MRK, filed in the United States District Court for the District of Connecticut.

3.    Carney & Bassil retained my forensic computer services. Carney & Bassil has provided me with a vast amount of electronic evidence which was provided to them by the U.S. Federal Government ("Government"). This electronic evidence includes forensic images (complete copies of all the data from electronic media) from computer systems and other electronic media, results from third-party searches of Internet services, audio recordings, and more. I have also been provided with Government work product related to searches of electronic evidence.

4.    I write this affidavit per defense counsel's request to provide context about certain exhibits the government sought to offer in its opening statement.

5.    Exhibits 72 and 75 came from unallocated space (sometimes referred to as deleted space) in the Tariq Dell 06

2

forensic image.  There is no useful metadata (such as filenames) associated with these exhibits which would assist in determining how these images appeared on Mr. Mehanna's computer – for example, we cannot determine whether they came from a website or a CD.  Additionally, we cannot determine what was done with them, if anything, once they appeared on Mr. Mehanna's computer. Without useful metadata such as filenames, we simply know that these images existed on Mr. Mehanna's computer and do not know what interaction, if any, he had with them.

6.    Exhibit 229 came from unallocated space in the Mehanna Dell 08 forensic image.  For the same reasons I set forth in paragraph 5, I cannot provide any contextual information about this image which would include whether Mr. Mehanna had any interaction with it.

7.    Exhibits 182 through 210 consist of 29 images of the World Trade Center.  These images all came from unallocated space in the Tariq Dell 06 forensic image.  The same analysis I set forth in paragraph 5 applies here.  In addition, Exhibits 182 through 212 have dimensions that are consistent with "thumbnail" images, which are often cached on a computer pursuant to a user's web browsing and not from a user's overt action.  Without more context on these images it is impossible to tell whether they came from browsing a website such as CNN.com.

3

8.    Exhibits 211 (an image which begins with the text "superior marksmanship") and 212 (an image containing two flags) came from unallocated space in the Tariq Dell 06 forensic image and share the same issues with the exhibits mentioned in paragraphs 5 and 7 above.

9.    Exhibit 24, an image of Osama Bin Ladin, similarly shares dimensions consistent with a thumbnail image and came from unallocated space in the Tariq Dell 06 forensic image.

Signed under pains and penalties of perjury.

_Mark Spencer_

Mark Spencer
President, Arsenal Consulting

_10/25/11_

DATE

4