UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )    NO. 09-CR-10017-GAO |
| | ) |
| TAREK MEHANNA | ) |
| | ) |

## DEFENDANT'S MEMORANDUM ON SUMMARY WITNESS AND SUMMARY TESTIMONY

An overview witness is often a government agent, who is called to the stand at the beginning of trial to describe the investigation and its findings. E.g., United States v. Garcia-Morales, 382 F.3d 12, 16-17 (1st Cir. 2004). A summary witness testifies at the end of trial. Often overview and summary witnesses are treated similarly. United States v. Flores-De-Jesus, 569 F.3d 8, 18 (1st Cir. 2009)(the "cautious approach that courts have taken to so-called 'summary witnesses'" confirms "the problematic nature of overview testimony").

Two rules of evidence are most relevant to summary witness testimony.[1] Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart,

---

[1] Rule 701 is used less frequently. In United States v. Garcia, the court found overview evidence given by a DEA agent was wrongfully admitted, failing all three prongs of Rule 701: the testimony was based on "the totality of information gathered by various persons in the . . . investigation," not the agent's personal perceptions; the factfinder was not helped by the evidence, which essentially told the jury what conclusions to reach; and the testimony was based on specialized knowledge, to wit, the agent's experience investigating drug crimes. 413 F.3d 201, 210-17 (2d Cir. 2005).

1

summary, or calculation." Fed. R. Evid. 1006. A "Rule 1006 chart may itself be admitted into evidence or summary witness testimony may be permitted pursuant to Rule 611(a)." United States v. McElroy, 587 F.3d 73, 81 (1st Cir. 2009). Rule 611(a) provides "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time. . ." Fed. R. Evid. 611(a).

The First Circuit treats summary and overview testimony skeptically. McElroy, 587 F.3d at 82-83, 82 n.10 (allowing the evidence but "emphasiz[ing] the need for caution when summary witness testimony and exhibits are offered . . . they are allowed only in limited situations"); United States v. Casas, 356 F.3d 104, 119 (1st Cir. 2004) ("[Agent] was not even a summary witness attempting to summarize documents. . . or testimony (*to the very limited extent that is ever permissible*) already before the jury. He was presented as a preliminary overview witness. . . 'overview testimony' is inherently problematic.")(emphasis added).

One of the First Circuit's main concerns regarding summary testimony is the appearance of government approval of the testimony:

> [t]he reluctance of courts to allow the government an additional opportunity to present its case in a tidy package at the end of its presentation . . . even when the summary evidence is, by definition, completely consistent with the rest of the trial record, confirms that the imprimatur problem with such repetitive testimony is inescapable whether that testimony comes at the beginning or end of the government's case.

Flores-De-Jesus, 569 F.3d at 19. The court has also marked the boundary between permissible and inadmissible overview evidence. Testimony about "the investigation and events in which [the agent] had personally participated" and "background and context on drug conspiracies" was proper. Id. at 26. In contrast, "testimony about the role of the defendants in the conspiracy that was based on information gathered from police reports, other documents not introduced into evidence, and interviews. . . was hearsay and inappropriate overview testimony." Id.

The First Circuit has affirmed the use of summary charts and testimony by IRS agents and insurance executives. United States v. Stierhoff, 549 F.3d 19, 28 (1st Cir. 2008)("a summary witness may be permitted . . . [if] the witness does not directly address the ultimate question of whether the accused did in fact intend to evade federal income taxes"); McElroy, 587 F.3d at 82 ("the same reasoning that would permit an IRS agent to give summary testimony in a tax evasion case applies to an insurance executive giving summary testimony about unpaid workers' compensation insurance premiums."). In United States v.

3

Milkiewicz, the First Circuit affirmed the presentation of charts summarizing the defendant's financial transactions where the IRS agent was qualified to testify about the charts, witnesses who gathered the records were subject to cross-examination, and the judge gave a limiting instruction on the use of the charts. 470 F.3d 390, 393-401. Similarly, in United States v. Hall, the court allowed an IRS agent to provide a summary. 434 F.3d 42, 57 (1st Cir. 2006). Distinguishing Casas, a First Circuit case which found the admission of overview evidence erroneous, the court emphasized that the agent in Hall testified at the end of the case, the testimony was primarily based on the agent's personal knowledge, the hearsay statements offered were not objected to and were not prejudicial, and the testimony was permissible "to summarize complex aspects of a case." Id.

> TAREK MEHANNA
> By his attorneys,
>
> CARNEY & BASSIL
>
> /s/ J. W. Carney, Jr.
> J. W. Carney, Jr.
> B.B.O. # 074760
>
> /s/ Janice Bassil
> Janice Bassil
> B.B.O. # 033100
>
> Sejal H. Patel
> B.B.O. # 662259
> Steven R. Morrison
> B.B.O. # 669533

John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: October 25, 2011

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/J. W. Carney, Jr.
J. W. Carney, Jr.

5