UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 09-CR-10017-GAO |
| | ) | |
| TAREK MEHANNA | ) | |

## DEFENDANT'S MOTION TO EXCLUDE THE GOVERNMENT'S SUMMARY TRANSLATIONS

### I. Introduction

The defendant, Tarek Mehanna, moves that this Court exclude the use at trial of summary translations prepared by the FBI linguists, Leah Vallee and Anne Marie Doursounian. As grounds therefore, the defendant states the following.

### II. Facts

Through the multiple searches conducted on the defendant's home and computer, the FBI discovered books, videos, and electronic media (document, audio, and video files) in Arabic. FBI linguists prepared verbatim transcripts of some of these materials; however, for reasons unknown to the defense, the FBI also prepared "summary translations" of the remaining materials.

The documents the government has produced as "summary translations," which it now seeks to introduce as exhibits at trial, clearly omit much of the original material purportedly

being translated. For example, a summary translation prepared by Leah Vallee completed on August 23, 2011 (Bates Numbers 6PT00885-892) begins

> This is a 24 page pamphlet that was downloaded from [three websites]
>
> This pamphlet was written by Dr. Ayman Al-Zawahiri in December 2002[.] The title of this pamphlet is Al-Wala' wal-Bara'. Wala' wal-Bara' means loyalty and enmity.
>
> In general Wala' & Bara' emphasizes the importance of giving trust and friendship to Muslims and withholding them from Non-Muslims
>
> The main idea of the pamphlet is to explain the importance of Wala' and Bara in Islam. . ."[1]

The summary of this twenty-four page pamphlet is less than a page long.

As is evident from this excerpt, much of the material purported to be translated is not included in the summary. It is hard for defense counsel to believe that a twenty-four page pamphlet can be reduced to less than a page without omitting much of the content. Further, it is unclear to the reader what the document actually states and what the translator is adding in terms of context, explanation, and her own interpretation.

### III. Argument

I.    **THIS COURT SHOULD EXCLUDE THE GOVERNMENT'S SUMMARY TRANSLATIONS, EITHER PRESENTED ORALLY OR IN WRITING**

---

[1] This document is attached to this motion as Exhibit 1.

**A. The evidence violates Rule 106 of the Federal Rules of Evidence – the "rule of completeness"**

Rule 106, often referred to as the "rule of completeness," provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. The Advisory Committee Notes accompanying this rule support the argument that the summaries should be excluded. The Committee stated that their reasoning behind Rule 106 was "based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial." Fed. R. Evid. 106 advisory committee's notes to 1972 Proposed Rules (citations omitted).

"Under [Evidence Rule 106], a party against whom a fragmentary statement is introduced may demand that the rest of the statement (or so much thereof as is appropriate) be admitted into evidence in order to place the excerpt in context." United States v. Houlihan, 92 F.3d 1271, 1283 (1st Cir. 1996). These summary translations consist of mere fragments of much longer documents, and neither defense counsel nor the jury is able to determine the larger context of the fragments. The defense

maintains that, based on Rule 106, the entire verbatim translation should be provided.

### B. The evidence violates Rule 1002 of the Federal Rules of Evidence – the "Best Evidence Rule"

Rule 1002 provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R. Evid. 1002. Rule 1002 applies in situations "in which contents [of photographs or documents] are sought to be proved." Fed. R. Evid. 1002 advisory committee's notes to 1972 Proposed Rules.

"Normally, to prove the contents of a writing, the original writing is required in preference to testimony about its content." United States v. Frigerio-Migiano, 254 F. 3d 30, 35 n.4 (1st Cir. 2001) (citing Fed. R. Evid. 1002). United States v. Morales-Madera concerned a best evidence rule challenge where there were Spanish recordings, Spanish transcripts, and English transcripts. 352 F.3d 1, 7-9 (1st Cir. 2003). The First Circuit held that "[t]he best evidence rule requires that the tape recordings themselves must be furnished, absent agreement to the contrary," and that "[t]his practice of admitting reliable English transcripts in evidence is entirely consistent with the best evidence rule." Morales-Madera, 352 F.3d at 9. Here, to comply with the best evidence rule, any document that the

government seeks to introduce should be provided in the original Arabic, with a verbatim English translation.

### C. Rule 1006 of the Federal Rules of Evidence, concerning summary witnesses or summary charts, does not support the introduction of these "summary translations"

Rule 1006 provides, in pertinent part, "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. . ." Fed. R. Evid. 1006. This rule does not support the introduction of the government's "summary translations" because these writings were not "voluminous" and they could "conveniently be examined in court."

Further, "[a] summary admitted under Rule 1006 must be based upon evidence independently established in the record." United States v. Nivica, 887 F.2d 1110, 1125 (1st Cir. 1989). As the government has not "independently established" the contents of the writings being summarized, Rule 1006 cannot provide a basis for their admission.

### D. The "summary translations" are inadmissible hearsay

The definition of hearsay is familiar: hearsay is an out-of-court statement offered for the truth of the matter asserted. E.g., United States v. Vigneau, 187 F.3d 70, 74 (1st Cir. 1999). These "summary translations" meet the definition of hearsay. The First Circuit suggested that translations that summarized conversations are inadmissible hearsay in United States v.

5

Rengifo. 789 F.2d 975, 983 (1st Cir. 1986). In that case, the defendant raised a hearsay challenge to the admission of transcripts of tape recordings, in part because, he contended, they contained summaries. Id. The First Circuit found the defendant's objection meritless because "[w]e have examined the binder of transcripts . . . and have been unable to find any summaries of recorded conversations therein." Id. Here, on the other hand, the fact that the translated material is summarized is plain.

Some courts have held that there is no hearsay issue when interpreters act as a mere "language conduit." See United States v. Koskerides, 877 F.2d 1129, 1135 (2d Cir. 1989) ("The interpreter was no more than a language conduit and therefore his translation did not create an additional layer of hearsay. The interpreter translated [defendant's] statements concurrently as made. There is nothing in the record to suggest that the interpreter had any motive to mislead or distort, and there is no indication that the translation was inaccurate."). Here, however, the translation did more than merely convey the word for word meaning of the documents provided. The government's translators filtered the documents, extracting the parts that they found most meaningful, while offering explanations and interpretations of words beyond their literal meaning. As such, these documents constitute inadmissible hearsay.

The hearsay problem would not be cured by the linguists who wrote the summaries testifying as witnesses and being subject to cross-examination. An oral summary of the Arabic documents is an inappropriate subject of lay opinion testimony. As Rule 701 of the Federal Rules of Evidence provides,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. These summaries would not be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." If the issue relates to the actual content of the videotapes, a lay opinion on what one of the linguists found memorable from the tapes is not helpful. Further, "summaries" are not a reliable way to determine the actual content of the videotapes, as ten viewers would likely have ten different impressions of the video footage and would present ten different summaries. If the government intends to introduce documents or videos in arabic, it must provide a full verbatim transcripts.

## IV. Conclusion

The government should be precluded from introducing its "summary translations" to the jury as they would violate Rules

7

106 and 1002 of the Federal Rules of Evidence, and constitute

inadmissible hearsay and lay opinion.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Janice Bassil*
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: October 31, 2011

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.