UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )       NO. 09-CR-10017-GAO |
| | ) |
| TAREK MEHANNA | ) |

**DEFENDANT'S MEMORANDUM ON FEDERAL RULE OF EVIDENCE 803(3)**

Federal Rule of Evidence 803(3) provides an exception to the usual prohibition on hearsay, allowing statements concerning the defendant's state of mind to be admissible. "The premise for admitting hearsay statements evidencing state-of-mind is that such statements are reliable because of their 'spontaneity and [the] resulting probable sincerity.'" Horton v. Allen, 370 F.3d 75, 85 (1st Cir. 2004)(citations omitted). An out-of-court statement as to the declarant's intent "permits the further inference that she acted in accordance with her intent." Minh Tu v. Mutual Life Ins. Co. of New York, 136 F.3d 77, 81 (1st Cir. 1998).

To be admissible under the Rule 803(3) exception, a "substantial contemporaneity of event and statement" is required. United States v. Rivera-Hernandez, 497 F.3d 71, 81 (1st Cir. 2007)(quoting advisory committee's notes to Fed. R. Evid. 803(1) and 803(3)). This requirement is meant to ensure

1

the statement's trustworthiness by "diminish[ing] the likelihood of fabrication or deliberate misrepresentation." Rivera-Hernandez, 494 F.3d at 81.

"[D]isputes over whether particular statements come within the state-of-mind exception are fact-sensitive." United States v. Cianci, 378 F.3d 71, 106 (1st Cir. 2004)(quoting Colasanto v. Life Ins. Co. of North America, 100 F.3d 203, 212 (1st Cir. 1996)). For example, where a judge determines that the statement at issue is likely self-serving, he may refuse to admit that statement. Id. at 106 (defendant made an exculpatory statement to an agent posing as a businessman, then said, "He's probably an FBI agent;" the court held exclusion was not erroneous, as defendant's later comment lessened the statement's "probative value and relevance," the exculpatory part of the statement was "gratuitous," and it was unclear whether the statement was "forward-looking.").

In the case at bar, it is clear in the context that the statements made by the defendant in posts on forums, in emails and instant messages, and in surreptitiously recorded conversations with friends would reflect his sincere state of mind, and thus are admissible to the same extent as other statements being offered by the prosecution on the same basis.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

**/s/ J. W. Carney, Jr.**
J. W. Carney, Jr.
B.B.O. # 074760

**/s/ Janice Bassil**
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: October 31, 2011

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/J. W. Carney, Jr.
J. W. Carney, Jr.

3