UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,  )
                           )
v.                         )          Case No. 1:09-CR-10017-GAO
                           )
TAREK MEHANNA             )
_____)

### KAREEM ABU-ZAHRA'S MOTION TO QUASH
### DEFENDANT'S THIRD PARTY SUBPOENA

Kareem Abu-Zahra ("Abu-Zahra"), by and through his attorneys, moves to quash the October 24, 2011 Subpoena (the "Subpoena") issued by counsel for the Defendant, Tarek Mehanna ("the Defendant"), on the grounds that it is irrelevant, unduly burdensome, punitive, and was issued solely to harass Abu-Zahra. Rather than appropriately requesting relevant documents from the government through normal discovery procedures pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(E) and Local Rule 116.1, the Defendant issued the subpoena directly to Abu-Zahra, a third party, shortly before the scheduled trial, but three days after the compliance deadline requested therein had elapsed. In addition to the harassingly short deadline and disregard for discovery procedures, the Defendant is requesting irrelevant tax records and bank statements for an unduly burdensome period of ten years.

### FACTS

Abu-Zahra is a witness for the government in the above-captioned case. He testified before the Grand Jury and is scheduled to appear as a witness for the government at the trial, which began on October 24, 2011. Counsel has confirmation from the government that the Defendant did not file any motions seeking documents relating to Abu-Zahra's anticipated

testimony from the government. [1]   Instead, he served Abu-Zahra on October 27, 2011 with a

subpoena for his appearance on October 24, 2011.   The Subpoena asks for production of the

following documents:

1) Any and all records of payment by the United States government by any agency for your cooperation in any criminal matter or any law enforcement agency of any state, city, or town ever provided to you to the present date.
2) Copies of all tax returns filed by you with the federal government from 2002 to the present.
3) Your passport.
4) All bank statements from January 1, 2002 to present indicating any deposits or expenditures of monies by you or jointly with another or by another on your behalf.
5) All financial statements filed by you for any reason from January 1, 2002 to present.
6) All leases signed by you or on your behalf from January 1, 2002 to present.
7) All canceled checks written by you or on your behalf from January 1, 2002 to present.
8) All statements of all credit cards owned by your [sic] or which you use from January 1, 2002 to present.
9) All contracts or agreements for purchase, sale, or lease of any automobiles used by you from January 1, 2002 to present.
10) All brokerage accounts and records of stock accounts owned by you from January 1, 2002 to present.
   *Exhibit A*, Subpoena to Testify at a Hearing or Trial in a Criminal Case.

### ARGUMENT

The Subpoena is nothing more than an irrelevant, and unduly burdensome attempt to

harass Abu-Zahra.   To determine whether the subpoena should be quashed, the Court should

consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there

are other viable means to obtain the same evidence, and (iii) to what extent the information

sought is relevant, non-privileged, and crucial to the moving party's case."   *Bogosian c.*

*Woloohojian Realty Corporation*, 323 F.3d 55, 66 (1st Cir. 2003).

---

[1] Moreover, a review of the docket for this matter, as available on PACER, reveals that the Defendant opted in to automatic discovery and filed several additional discovery motions, which, upon information and belief, did not specifically seek the information requested in the Subpoena prior to its issuance. By contrast, on November 2, 2011, the Defendant filed an Emergency Motion for Discovery [document 336] seeking at least a portion of the information sought in the Subpoena from the government and/or the Department of Homeland Security, which clearly demonstrates both his knowledge of the appropriate procedures for obtaining the requested information and his awareness that the documents sought are directly obtainable from government entities and other agencies likely to retain the information at issue.

A subpoena is harassing when it is served close to the trial date, when it requests several broadly-described categories of documents, and makes no showing that the party is unable to obtain the evidence from other sources. *Id.*, at 67. The subpoena at issue here was served on October 27, 2011, although it requests Abu-Zahra's testimony and production on October 24, 2011. Despite the possible typographic error, the subpoena was served concurrently with the actual trial date even though the Defendant had nearly three years[2] to request documents pertaining to Abu-Zahra's likely testimony directly from the government.

The Subpoena is also harassing because the Defendant has made no showing that he was unable to obtain the evidence from another source, namely the government, or from Abu-Zahra's actual testimony at trial.   A request for documents related to government payments is not only an appropriate request to be made to the government, but it is a required disclosure under the line of cases beginning with *Giglio v. United States*. 405 U.S. 150 (1970). It is not an appropriate request to be initially made of a third party witness like Abu-Zahra. Rather, it is a request that, if not provided by the government in the course of automatic discovery pursuant to Local Rule 116.2(A), should be made directly to the prosecuting team first by letter and if still not disclosed, later via a written motion under Federal Rule of Criminal Procedure Rule 16(a) regarding papers or documents "within the government's possession, custody, or control . . . ." Fed.R.Crim.Pro. 16(a) (2010), *see* Local Rule 116.3. Not only is there no record of the Defendant requesting that information from the government, he has also made no showing why he cannot so request of them now, even at this late stage in the proceedings. Likewise, a request for the Defendant's passport, to the extent it may be an exhibit at trial, should also be made to the government, and should it be denied, the appropriate recourse is a separate subpoena to the Department of State.

---

[2] The indictment was returned on January 15, 2009.

Moreover, any questions about Abu-Zahra's travel can be put directly to him when he is on the stand as scheduled.

On its face, the Subpoena does not list a single basis regarding the relevancy of the very broad requests contained in the Subpoena. The only documents sought which could arguably be relevant pertain to whether or not the United States government paid Abu-Zahra for his cooperation. As discussed above it is more appropriate for the Defendant to obtain those documents from the government, given it is the logical payer; and while requesting from the witness any documents in his possession, custody or control that pertain to the specific allegations in this case or his anticipated testimony as already disclosed to the Defendant via the *Jencks Act*, might be appropriate, no such limited/targeted request was made here and the same can and should be sought from other sources, anyway. The remaining requests for ten years of personal, private bank records and tax returns "indicating any deposits or expenditures of money by you..."; "All financial statements filed by you..."; "All leases signed by you..."; "All cancelled checks written by you..."; etc., reads more like a comprehensive financial audit, are similarly inappropriate, wholly irrelevant to the issues upon which Abu-Zahra is expected to testify, and are nothing more than a general "fishing expedition" designed to harass a government witness. *Exhibit A,* Subpoena at 1.

Even in civil matters where the issue of a third-party subpoena is more common, a request for financial records must be shown to be relevant to the issue at hand and a requesting attorney has an obligation to avoid imposing an undue burden on a subpoenaed non-party witness. *Fed.R.Civ.P.* 26. 45(a)(1), *see Sykes v. Bayer Corporation*, 2008 WL 2559419, *1 (D.N.H. 2008). Here, there is no showing of why the financial status/records of Abu-Zahra, a private citizen and married father of young children, for the past ten years, and records regarding

leases, purchases and sales and all financial dealings, is in any way relevant to his expected testimony about the Defendant's alleged actions in 2006. Further, requiring Abu-Zahra to obtain ten years of records, including tax records, that he is only required to retain for seven years and bank records which may not readily be in his possession, custody, or control, and which may include financial information regarding his wife and family, is invasive, costly and unduly burdensome.

## CONCLUSION

For the foregoing reasons, Abu-Zahra respectfully requests that the Court quash Defendant Tarek Mehanna's October 24, 2011 subpoena. The Subpoena served on Abu-Zahra, a third party in Defendant's criminal case, is grossly overbroad and intended to harass. It was served during the trial that Abu-Zahra is expected to testify in, requests broad categories of irrelevant documents, and ignores the fact that any relevant documents could be obtained from the government under proper discovery procedures.

WHEREFORE, Kareem Abu-Zahra respectfully requests that the Subpoena be quashed, or in the alternative, that a hearing be held on the merits of this motion.

Dated: November 16, 2011

Respectfully Submitted,

Kareem Abu-Zahra,
By his Attorney,

R. Bradford Bailey (BBO# 549749)
Denner ♦ Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02138
bbailey@dennerpellegrino.com
T (617)227-2800
F (617)973-1562

5

## Certificate of Service

I, R. Bradford Bailey, hereby certify that on this the 16th day of November 2011, I caused a true copy of the foregoing *Kareem Abu-Zahra's Motion to Quash Defendant's Third Party Subpoena* to be served upon all parties of record via hand delivery.

R. Bradford Bailey

6