UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 09-CR-10017-GAO |
| | ) | |
| TAREK MEHANNA | ) | |

## DEFENDANT'S MOTION TO PERMIT CERTAIN DEFENSE WITNESSES TO TESTIFY VIA TWO-WAY VIDEO-TELECONFERNCE

The defendant, Tarek Mehanna, moves this Court, pursuant to Rules 2 and 57(b) of the Federal Rules of Criminal Procedure, to allow certain defense witnesses who are living abroad and unable to travel to the United States to testify via a live two-way video-teleconference.

## I.    Background Information

Defense counsel anticipates that it will be necessary to call Dr. Osama Tabbara and Mr. Ali Harfouch as witnesses during Mr. Mehanna's case in chief. Dr. Tabbara currently resides in the United Arab Emirates where he is the Senior Director of Pharmacy at the Cleveland Clinic in Abu Dhabi. Dr. Tabbara's hectic and demanding work schedule, along with the arduous process of obtaining a visa to enter the country, prevent him from traveling to the United States to testify at trial.

1

Mr. Harfouch, while a U.S. citizen, is currently enrolled as a full time university student in Lebanon. He undoubtedly wants to testify at trial, but given the significant expense and amount of time away from school associated with travel to the United States from Lebanon, Mr. Harfouch is unable to testify in court.

## II.  Discussion

This Court has the inherent power to provide for two-way video-teleconference testimony pursuant to Federal Rules of Criminal Procedure 2[1] and 57(b).[2] The presentation of witness testimony at trial via video-teleconference is not a novel process. Notwithstanding issues associated with a criminal defendant's rights under the Confrontation Clause, the government has been afforded the opportunity to present witness testimony via video-teleconference in various courts. See United States v. Nippon Paper Industries Co., Ltd, 17 F.Supp.2d 38 (D.Mass. 1998)(Court allowed a government witness testify over video-teleconference from Japan). See also Harrell v. Butterworth, 251 F.3d 926 (11th Cir. 2001), cert. denied, 535 U.S. 958 (2002) (habeas petition) (prosecution permitted to

---

[1] Fed. R. Crim. P. 2: These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.

[2] Fed. R. Crim. P. 57(b): A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator was furnished with actual notice of the requirement before the noncompliance.

offer testimony of witnesses residing in Argentina unwilling to travel to Florida for trial); United States v. Gigante, 166 F.3d 75 (2d Cir. 1999), cert. denied, 528 U.S. 1114 (2000) (witness that was ill and thus unavailable permitted to testify by two-way, closed-circuit television from remote location).

In this instance, no Confrontation Clause concerns arise by Dr. Tabbara and Mr. Harfouch testifying via video teleconference, as they both witnesses being called by the defendant. If the government has been allowed to use video-teleconferencing in situations where the Confrontation Clause is implicated, the government can hardly argue any bias as a result of Dr. Tabbara and Mr. Harfouch testifying via video-teleconference.

The Second Circuit in United States v. Gigante, 166 F.3d 75 (2d Cir. 1999), set forth the reasoning in favor of permitting testimony through two-way video-teleconference. First, depositions of out of court witnesses are permitted in criminal cases pursuant to Federal Rule of Criminal Procedure 15, even though these depositions are inferior to the televised and contemporaneous testimony provided by video-teleconference. Id. at 81 (Noting that a Rule 15 deposition alone would have precluded any visual assessment of the witness's demeanor by the jury). Second, the Court noted that video-teleconferencing preserved all of the characteristics of in-court testimony: the

3

witness was sworn; he was subject to full cross-examination; he testified in full view of the jury, court, and defense counsel; and the witness gave the testimony under the eye of the defendant. Id. at 80.

Likewise, the video-teleconference used in this instance will aptly reflect the conditions of Dr. Tabbara and Mr. Harfouch being present in the courtroom. The jury will still hear and see live testimony, the witness will be subject to cross examination, and any objections will be contemporaneously addressed just as if the witnesses were sitting the courtroom.

Let it be clear, there are no tactical advantages to the defense by allowing Mr. Tabbara and Mr. Harfouch to testify via video-teleconference. The need for video-teleconferencing results as a direct consequence of the witnesses' inability to voluntarily travel to the United States for trial. Dr. Tabbara and Mr. Harfouch do not have the luxury of missing a sizable portion of work or school to travel halfway across the world in order to testify at trial.

Moreover, even if both witnesses had the time to travel to the United States, Mr. Mehanna has been deemed indigent, and thus it would be the Court that covers the high cost of the travel to and from the United States. Two-way video-teleconferencing provides a cost effective method that balances the rights and needs of the defendant's case in chief, while

4

preserving the protections necessary for reliable and fair witness testimony.

### III. <u>Conclusion</u>

This Court has the technical capacity to accommodate two-way video-teleconferencing. No Confrontation Clause issues exist as Mr. Mehanna is the party seeking to offer the video-teleconference testimony. Witnesses will be under oath and subject to full cross-examination by the government, and thus the Court can be assured that safeguards of the courtroom remain to protect the integrity of witness testimony. For these reasons, the defense requests that Dr. Tabbara and Mr. Harfouch be allowed to testify via a live two-way video-teleconference.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

<u>/s/J. W. Carney, Jr.</u>
J. W. Carney, Jr.
B.B.O. # 074760

<u>/s/Janice Bassil</u>
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116

617-338-5566

Dated: November 21, 2011

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

<u>/s/J. W. Carney, Jr.</u>
J. W. Carney, Jr.