UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                       ) | NO. 09-CR-10017-GAO |
| ) | |
| TAREK MEHANNA            ) | |

**DEFENDANT'S MOTION TO STRIKE STATEMENTS OF UNINDICTED COCONSPIRATORS ADMITTED UNDER THE COCONSPIRATOR EXCEPTION TO THE HEARSAY RULE**

**I. Introduction**

The defendant, Tarek Mehanna, moves that this Court strike the statements of those of his unindicted coconspirators with whom he never communicated and with whom the government never established he had entered into a conspiracy.[1] As grounds therefore, the defendant states the following.

**II. Applicable Law**

Rule 801(d)(2)(E) of the Federal Rules of Evidence excludes statements made by a "party's coconspirator during and in furtherance of the conspiracy" from the hearsay rule. To admit these statements, a Court must find four elements by a preponderance of the evidence. First, there must have been a conspiracy. United States v. Colon-Diaz, 521 F.3d 29, 35 (1st Cir. 2008). Second and third, both the defendant and the

---

[1] This includes: Usama bin Laden, Abu Musab al Zarqawi, Ayman al Zawahiri, Abu Muhammad al Maqdisi, Waseem Mughal, Younis Tsouli, Mohamed Aabid Khan, Saleh Al-Bualy, Tariq al Daour, Ahmed Rashad, Sohail Qureshi, Syed Haris Ahmed, Ehsanul Sadequee, Omar Hammami, and Samir Khan.

declarant must have been members of the conspiracy. Id. Finally, the "statement must have been made in furtherance of the conspiracy." Id. at 36.

Evidence alleged to be coconspirator statements admissible under the exception to the hearsay rule may be conditionally admitted at trial. E.g., United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980). At the close of evidence, the defendant then must request that the district court make a Petrozziello determination. Colon-Diaz, 521 F.3d at 36. The Court then must consider whether the statements meet the four-factor test described above. Ciampaglia, 628 F.2d at 638. If the Court does not find by a preponderance of the evidence that a conspiracy existed, that the defendant and the declarant were members of the conspiracy, and that the statement was made during and in furtherance of the conspiracy, the Court should strike the statements and give a cautionary instruction to the jury, or "declare a mistrial if the instruction will not suffice to cure any prejudice." Ciampaglia, 628 F.2d at 637-638.

The defendant submits that none of the four elements were met for the statements of the above listed unindicted coconspirators, and thus, the evidence should not be considered by the jury.

2

### III. Argument

**A. There was No Conspiracy Between the Defendant and Many of the Declarants, and the Statements Did Not Further Any Conspiracy.**

Rule 801(d)(2)(E) requires that, to be admissible, the statement must have been made by the party's coconspirator. To admit a coconspirator's statement into evidence, there must be "some extrinsic proof of the declarant's involvement in the conspiracy." United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993). The statement alone is not sufficient to meet Rule 801(d)(2)(E)'s requirements. Id. The government has named thirty-five coconspirators; only one of the coconspirators has been indicted.

"A criminal conspiracy is an agreement between two or more persons to accomplish an unlawful purpose." United States v. Dellasantos, 649 F.3d 109, 115 (1st Cir. 2011) (citation omitted). Establishing the agreement requires more than "mere knowledge of an illegal activity;" "mere association with other conspirators or mere presence at the scene of the conspiratorial deeds" is also insufficient. Dellasantos, 649 F.3d at 115 (internal quotations omitted). An agreement may be inferred by evidence of, for example, "a common purpose (such as a purpose to sell illicit drugs), overlap of participants, and interdependence of various elements in the overall plan." United States v. Martinez-Medina, 279 F.3d 105, 114 (1st Cir. 2002).

There is no evidence of a common purpose between Mr. Mehanna and the previously mentioned alleged coconspirators. For example, Osama bin Laden, Abu Musab al-Zarqawi, and Dr. Ayman al-Zawahiri were not even mentioned in the superseding indictment. As the government is well aware, there are no ties between the defendant and any member of al Qaeda, and no agreement, implicit or explicit, was formed between the defendant and any of these individuals.  The defendant has not taken orders from, or acted in any manner which furthers the alleged conspiracy with any member of al Qaeda.

Rather, the government asserts that an agreement between coconspirators, such as bin Laden or al-Zarqawi, can be ascertained from videos and images on the defendant's computer. As demonstrated at trial, many of these images have been automatically downloaded onto the defendant's computer. Furthermore, Rule 801(d)(2)(E) cannot be read so liberally as to perceive the viewing of open source statements and videos of Al-Qaeda leaders, most of which are readily available on-line, as "an agreement between two or more persons to accomplish an unlawful purpose" so as to constitute a criminal conspiracy. See Dellasantos, 649 F.3d at 115.

The defendant is so far removed from any al Qaeda member that the government's discombobulated conspiracy theory looks more like a game of "telephone," than an international

4

conspiracy that would come under the purview of Rule 801(d)(2)(E).

**B. The Statements Conditionally Admitted Are At Variance With the Conspiracy Alleged in the Indictment.**

A variance between the evidence presented at trial and the conspiracy alleged in the indictment is prejudicial if "(1) the facts proved at trial differ from those alleged in the indictment; and (2) the error affects the defendant's substantial rights (i.e., when the indictment fails to provide the defendant with sufficient detail to allow him to prepare a defense, [or] avoid unfair surprise)." United States v. Rodriguez, 525 F.3d 85, 102 (1st Cir. 2008) (internal quotations omitted).

The Second Superseding Indictment mentions nothing about an alleged relationship between Mr. Mehanna and any individual in the United Kingdom. As a result, the defendant was not provided sufficient notice that statements of alleged coconspirators from the United Kingdom would be introduced at trial. Instead, on the eve of trial, the defendant was provided this information by the Government, along with thousands of digital files recovered from the hard drives of these individuals. The statements of Tariq al Daour, Waseem Mughal, Younis Tsouli, and Sohail Qureshi should not be admitted due to this variance.

5

The government attempts to provide the only link between the defendant and members of al Qaeda by introducing an alleged relationship between Mr. Mehanna and the individuals from the United Kingdom. As statements by the UK coconspirators are so crucial to the government's original case, there is no reason this connection should have been omitted from the indictment, let alone introduced in the weeks leading to trial.

These individuals had never met the defendant, and their existence was disclosed to the defense, along with all of the electronic evidence accompanying this alleged conspiracy on the eve of trial. There is no question that the defendant's rights were adversely affected by such a major departure from the indictment. The unfair surprise proffered by the government denied the defendant the sufficient details to adequately prepare his defense. See Rodriguez, 525 F.3d at 102.

As there is no evidence that the defendant participated in the United Kingdom conspiracy, and because allowing any statements from these individuals constitutes a highly prejudicial variance from the indictment, the statements should be stricken from the record.

## IV. Conclusion

The Court should, subject to a Petroziello determination, strike all statements made under the coconspirator exception to

the hearsay rule which were not made by coconspirators of the defendant, were not made during a conspiracy to further the purpose of that conspiracy, and were at variance with the indictment.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

/s/ J. W. Carney, Jr.
J. W. Carney, Jr.
B.B.O. # 074760

/s/ Janice Bassil
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: December 13, 2011

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ J. W. Carney, Jr.
J. W. Carney, Jr.

7